## DECEMBER TERM, 1840.

### LOWRY & PUCKETT v. M'DONALD & ROGERS.

Where the property of an intestate is sold by order of the probate court, the records of that court must show that the statutory prerequisites, for the validity of such a sale, have been complied with; otherwise, such sale would pass no title.

A purchaser, at an administrator's sale, who had not complied with the prerequisites of the law, in obtaining the order of sale, can obtain an injunction to the payment of the purchase-money therefor.

In a sale by a person who acts as the mere agent of the law, or ministerial officer, there is, as a general rule, no implied warranty of the *quality* or *property* of the thing sold; yet this rule does not apply, where such agent or officer assumes an authority where none is given by law; in such case, equity will grant relief.

THE bill in this case was filed to enjoin the collection of a note given for property purchased at an administrator's sale. It is not necessary to give a more detailed statement of the facts of the case, than is given in the opinion of the Court; the questions involved being principally questions of law, and the facts being admitted by the demurrer to the bill. The case was submitted upon the demurrer, and a motion to dissolve.

CHANCELLOR. No principle of law is better settled, than that the judgments of inferior courts of special and limited jurisdiction are void, and confer no rights, unless the facts upon which this jurisdiction attaches appear upon the face of the proceedings; and nothing is to be presumed in their favor. 5 Cranch, 173. And, although our courts of probate are not, in a general sense, courts of special and limited jurisdiction, their jurisdiction being full and complete over all those subjects, of which they have cognizance as courts of probate, yet the power given to the probate court to order a sale of the property of a deceased person, is of special jurisdiction, and does not necessarily belong to the jurisdiction of a probate court. To that extent, they are to be regarded as courts of inferior and special jurisdiction. The manner of exercising that jurisdiction is pointed out, limited, and defined by the statute (How. & Hutch. 417, 418, 420, sec. 110, 113, 119); and, in.

order to give validity to a proceeding under the statute, for the effecting a sale like the one in the present case, it must appear upon its face on the records of the Court, thus proscribed in its jurisdiction, that there has been a compliance with those previous steps which alone authorize the act. In other words, the ground of the jurisdiction must appear in connection with the exercise of that jurisdiction, and if it does not, the proceeding will be considered as *coram non judice.* 9 Wheat. 733.

In the case before me, from the records of the probate court, it does not appear, and cannot be gathered, whether the sale of the real estate of the intestate was ordered for the payment of debts, the personal property having proved insufficient, or whether it was ordered upon the suggestion, that it would be for the benefit of the heirs, or upon what grounds ; nor does it appear, that there was any notice given, or publication made, which were indispensable prerequisites, to the power of that Court, to order the sale, and to the validity of the sale itself. How. & Hutch. 417, 418, 419.

I am not aware of any principle upon which the sale in this case can be sustained upon the supposition, that the heirs were before the Court contesting its validity. And yet, I apprehend, this cause must be regarded in that light, and treated as though it were in that attitude. It is true, the title of a purchaser under execution, or order of sale, cannot be affected by any errors in the judgment or order, under, and by virtue of which, the sale takes place, if the judgment or order be not absolutely void, for want of jurisdiction, or other cause. Nor can the title of a purchaser be affected by any irregularity or misconduct of the officer making the sale, and in which the purchaser did not participate ; a purchaser, in such case, is not bound to look into the regularity of the sale. (*Haynes* v. *Oldham*, 3 Monroe, Rep. 103 ; 2 J. J. Marsh. 342.) But these principles do not apply to the present case. Here the order of sale was absolutely void, for the reasons I have already given. No presumptions can be indulged in favor of the correctness of the proceedings of the probate court. They must speak for themselves.

It is said, that in sales like the present, there is no warranty, and that, therefore, no such relief can be given as is asked. Al-

though it is a general rule, that there is no implied warranty in sales made by persons who act as the mere agents of the law, or as ministerial officers, yet this rule applies exclusively to the quality and property of the thing sold ; it does not apply, where such agent or officer assumes an authority where none is given by law ; where the vendor, in fact, assumes a character to which he is not legitimately entitled. In such case, it would not do to say the purchaser would be without remedy. (1 Hill's Ch. Rep. 494. In every view of the case, I think, the complainants are entitled to relief.

The motion to dissolve the injunction must be overruled.